# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

October 20, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**In Re: P.H.**

**No. 15-0362** (Cabell County 13-JA-151)

## MEMORANDUM DECISION

Petitioners, maternal grandparents C.B. and R.B., appeal the Circuit Court of Cabell County's March 25, 2015, order denying their motion to intervene and denying them permanent placement of eight-year-old P.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Jacquelyn S. Biddle, filed a response on behalf of the child in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying their motions to intervene and permanent placement of the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2013, the DHHR filed a petition for emergency custody of P.H. alleging that the biological mother, T.B. left P.H. in the care and custody of her drug-abusing sister, that T.B. was the subject of prior abuse and neglect petitions; that there were issues with the child's hygiene; and that T.B.'s pending incarceration for probation violations related to her criminal child neglect proceedings. T.B. stipulated that P.H. was an abused and neglected child.

Petitioners filed their motion to intervene more than one year after the underlying petition was filed. In December of 2014, the circuit court held its dispositional hearing. Based on the evidence presented, the circuit court found that T.B. failed to comply with her family case plan which included adult life skills and parenting classes, substance abuse treatment, and random drug screens. Furthermore, the circuit court found that T.B. abandoned P.H. By order entered on December 29, 2014, the circuit court terminated T.B.'s parental rights and continued the hearing on petitioners' motion to intervene so that counsel could attend the hearing.

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In January of 2015, the circuit court held a hearing on petitioners' motion to intervene. The circuit court found that petitioners' motion was untimely filed, that they failed to pass a home study, and that they failed to participate in P.H.'s life. Given these findings, the circuit court concluded that it was contrary to P.H.'s best interests to be placed with petitioners because of his special needs and his need for psychological stability.[2] By order entered March 25, 2015, the circuit court denied petitioners' motion to intervene. It is from this order that petitioners now appeal.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's order denying petitioners' motion to intervene or permanent placement of P.H.

On appeal, petitioners argue that the circuit court violated their right to procedural due process in that the circuit court failed to conduct a full evidentiary hearing on their motion to intervene. Petitioners' argument is based on West Virginia Rule of Civil Procedure 24(a) and (b) which provide that "[u]pon *timely* application anyone shall [or may] be permitted to intervene in an action[.]" (Emphasis added).

This Court has previously held that "'[w]hile Rule 24 of the West Virginia Rules of Civil Procedure provides for the intervention of parties upon a timely application, the timeliness of any intervention is a matter of discretion with the trial court.' Syllabus Point 10, *Pioneer Co. v. Hutchinson,* 159 W.Va. 276, 220 S.E.2d 894 (1975), *overruled on other grounds, State ex rel. E.D.S. Fed. Corp. v. Ginsberg,* 163 W.Va. 647, 259 S.E.2d 618 (1979)." Syl. Pt. 3, *State ex rel. Ball v. Cummings*, 208 W. Va. 393, 540 S.E.2d 917 (1999).

---

[2]The parties did not include a copy of the transcript from the hearing on petitioners' motion to intervene.

Petitioners assert that their motion to intervene was timely because they could not gauge their potential interest in the case because T.B. misled them during the underlying proceedings. Petitioners' assignment of error hinges upon on the circuit court's discretion to determine the timeliness of their motion to intervene. It is undisputed that petitioners were interested in the underlying proceedings because they requested a home study as a potential permanent placement for P.H. three months after the original petition was filed. Further, it is undisputed that petitioners did not file their motion to intervene until more than one year after the initiation of the underlying proceedings, and that the circuit court held a hearing on petitioners' motion to intervene on January 28, 2015. In its order denying petitioners' motion to intervene, the circuit court found that petitioners' motion "was untimely filed" and that they failed to participate in P.H.'s life. Given the circumstances of this case, we find no abuse of discretion in the circuit court's order denying petitioners' motion to intervene as untimely.

Petitioners also argue that the circuit court erred in denying them permanent placement of P.H. Petitioners cite to the statutory preference for placing children with grandparents, as found in West Virginia Code § 49-3-1(a)(3). However, petitioners fail to address the fact that this code section requires that any grandparent seeking placement of a grandchild must first undergo a home study and have the home deemed suitable for the child's placement. Specifically, West Virginia Code § 49-3-1(a)(3) states, in pertinent part, that "[i]f the [DHHR] determines, based on the home study evaluation, that the grandparents would be suitable adoptive parents, it shall assure that the grandparents are offered the placement of the child prior to the consideration of any other prospective adoptive parents."

This code section clearly requires a positive home study in order for a grandparent to be considered as a placement option for a grandchild. This is in keeping with our prior holdings concerning children's best interest in custody matters, and we have specifically stated that

> "[b]y specifying in W.Va. Code § 49–3–1(a)(3) that the home study must show that the grandparents 'would be suitable adoptive parents,' the Legislature has implicitly included the requirement for an analysis by the Department of Health and Human Resources and circuit courts of the best interests of the child, given all circumstances." Syl. pt. 5, *Napoleon S. v. Walker*, 217 W.Va. 254, 617 S.E.2d 801 (2005).

Syl. Pt. 3, *In re Aaron H.*, 229 W.Va. 677, 735 S.E.2d 274 (2012). Simply put, petitioners failed to satisfy the requirements to be considered as a suitable placement for P.H. Petitioners were precluded from consideration as a placement option due to the fact that they failed to complete a home study for noncompliance in January of 2014. Further, there is no evidence that petitioners attempted to reinitiate the home study. For this reasons, it is clear that the circuit court did not err in finding that permanent placement in petitioners' home was not in the child's best interest and did not err in denying that request.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 25, 2015, order is hereby affirmed.

Affirmed.

3

**ISSUED**:  October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II